IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-CR-00054-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JOHN M. WASSON, | |
| Defendant. | |

**BILLY J. WILLIAMS**
United States Attorney
**HANNAH HORSLEY**
Assistant United States Attorney
1000 S.W. Third, Suite 600
Portland, OR 97204
(503) 727-1087

      Attorneys for Plaintiff

**LISA C. HAY**
Federal Public Defender
**MICHELLE M. SWEET**
Assistant Federal Defender
101 S.W. Main Street
Suite 1700
Portland, OR 9720

      Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant John M. Wasson's Appeal (#5) of the Judgment entered in this matter by Magistrate Judge Patricia Sullivan on February 12, 2015.

For the reasons that follow, the Court **VACATES** the Judgment and directs the parties to confer concerning further proceedings.

## BACKGROUND

In June 2014 the United States Forest Service cited Defendant John Wasson for Maintaining a Structure Without a Special Use Authorization in violation of 36 C.F.R. § 261.10(a); Interfering with a Forest Officer Who Was Engaged in the Performance of Official Duties in violation of 36 C.F.R. § 261.3(a); and Improving, Maintaining, Occupying or Using a Residence Without a Special Use Authorization or Operations Plan in violation of 36 C.F.R. § 216.10(b).

On July 16, 2014, Wasson was arraigned on these charges before Magistrate Judge Patricia Sullivan. At the arraignment Magistrate Judge Sullivan engaged in the following colloquy with Wasson:

>  THE COURT:     Have a seat, Mr. Wasson. You have previously been in court.
> 
>  THE DEFENDANT: Yes.
> 
>  THE COURT:     And you were in court while I read the rights on --

>THE DEFENDANT: Yes, ma'am.
>
>THE COURT: These are new offenses.
>
>THE DEFENDANT: Yes.
>
>THE COURT: Yeah. You understand that. These are tickets that have been issued this year, as opposed to the --
>
>THE DEFENDANT: Yes, Your Honor.
>
>THE COURT: -- other tickets that you have already litigated. So I'm going to ask you right now: How do you plead?
>
>THE DEFENDANT: Not guilty.

July 16, 2014, Arraignment Tr. at 2. The record, however, does not reflect the Magistrate Judge's reading of rights to Wasson on July 16, 2014, and, therefore, the manner in which Wasson was advised of his rights on July 16, 2014, is not clear. The record does reflect the Magistrate Judge noted at the arraignment that Wasson had filed a Motion to Dismiss the charges, and she set September 17, 2014, as the date for a hearing on that Motion and for trial.

When Wasson appeared before the Magistrate Judge on September 17, 2014, several other defendants also were appearing for Central Violations Bureau (CVB) violations. The Magistrate Judge provided the following advice of rights to the group of CVB defendants, including Wasson:

>JUDGE SULLIVAN: Okay. All right. That's fine. Your citations, the people that are here are

3 - OPINION AND ORDER

>                         either a class B or class C
>                         misdemeanor.
>
>                                  * * *
>
>                         You may hire a lawyer if you
>                         choose, but because these
>                         tickets are in the nature of
>                         misdemeanors, *you're not
>                         entitled to the appointment of
>                         an attorney by the Court.* I
>                         assume that the government's
>                         not going to seek any jail
>                         time or probation or sentences
>                         on most of the tickets?
>
> MS. MARTIN:             Your Honor, *with the exception
>                         of Mr. Wasson's case,* that
>                         would be correct.
>
> JUDGE SULLIVAN:         All right. And jury trials
>                         are not available unless the
>                         jail time sought by the
>                         government is in excess of six
>                         months. So those are the
>                         rights as I've described.

Sept. 17, 2014, CVB Proceedings Tr. at 5-6 (emphasis added).

Later in the September 17, 2014, proceeding two additional defendants were added to the CVB docket. Accordingly, the Magistrate Judge engaged in a second colloquy with all defendants, including Wasson, regarding advice of rights. The Magistrate Judge stated in pertinent part:

> You may hire a lawyer to represent you -- to
> represent you, if you choose. But because your
> matters are class B and C misdemeanors, which do
> not require the appropriate jail time or
> probationary sentences, *the Court will not appoint
> an attorney.* But if you want to hire one, that's
> fine. Just let us know.

Sept. 17, 2014, CVB Proceedings Tr. at 10 (emphasis added). It

4 - OPINION AND ORDER

appears Wasson's matter was continued for trial to November 12, 2014.

On November 12, 2014, when Wasson appeared for trial, the government stated it would "be seeking a probationary sentence with the condition that Wasson be excluded from Forest Service lands for the period of time he's on probation should the matter reach sentencing on any of the counts." Nov. 12, 2014, Trial Tr. at 19. The trial was continued to January 28, 2015, for various reasons.

On January 28, 2015, after a trial at which Wasson appeared without counsel, the Magistrate Judge found Wasson guilty on all three citations and sentenced him to two years of bench probation that included the following conditions: (1) Wasson is not permitted to camp overnight at the Slippery Rocks mining claim or any United States Forest Service (USFS) land, including any public campground administered by the USFS; (2) Wasson is not permitted to have personal property at the Slippery Rocks mining claim with the exception of personal property necessary to conduct mining activity; and (3) Wasson is permitted to have a motor vehicle at the Slippery Rocks site provided the vehicle is used for transportation purposes rather than camping overnight.

On February 12, 2015, the Magistrate Judge entered a Judgment against Wasson reflecting the sentence of two years bench probation and the conditions set out at trial.

5 - OPINION AND ORDER

On February 10, 2015, Wasson filed an Appeal of Conviction and Sentence in this Court pursuant to 18 U.S.C. § 3402 and Federal Rule of Criminal Procedure 58(g)(2)(B). Wasson also filed a Motion to Appoint Counsel for his appeal.

On February 25, 2015, the government filed a Response to Wasson's Motion to Appoint Counsel in which it advised the Court that it did not object to Wasson's request for appointed counsel on appeal. The government also noted:

> Although petty offenses do not *per se* provide a defendant a right of counsel under Federal Rule of Criminal Procedure 58(b)(2), *the government did reserve the right to request the maximum penalty for these violations, which includes the possibility of up to six months' incarceration.* 36 C.F.R. § 261.1(b); 18 U.S.C. § 3581(b)(7). Given the potential deprivation of his liberty interests, defendant had a right to counsel in his trial before the magistrate court, though he chose to represent himself *pro se*. U.S. Const. Amend. XI; *see also e.g.*, *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972)(holding the Constitution requires right to counsel for petty offenses punishable by six months' imprisonment). The government did not contest appointment of counsel for his trial and does not contest appointment of counsel for his current appeal.

Gov't Resp. to Def.'s Mot. to Appoint Counsel (#14) at 2 (emphasis added).

On February 27, 2015, the Court entered an Order appointing counsel to represent Wasson for this appeal.

On October 30, 2015, the Court took Wasson's appeal under advisement.

6 - OPINION AND ORDER

**DISCUSSION**

As noted, Wasson was convicted of Maintaining a Structure Without a Special Use Authorization in violation of 36 C.F.R. § 261.10(a); Interfering with a Forest Officer Who Was Engaged in the Performance of Official Duties in violation of 36 C.F.R. § 261.3(a); and Improving, Maintaining, Occupying or Using a Residence Without a Special Use Authorization or Operations Plan in violation of 36 C.F.R. § 216.10(b).

Wasson raises five grounds for appeal with several subparts. The Court, however, finds Wasson's first ground for appeal to be dispositive and, therefore, declines to address Wasson's other grounds.

In his first ground for appeal Wasson asserts he was not adequately advised of his right to counsel at trial, he did not knowingly and intelligently waive that right, and the failure to advise him of his right to counsel constituted a Sixth Amendment violation and requires reversal of his convictions. Wasson also requests a new trial.

### I. Review Standard

Whether a defendant was denied a Sixth Amendment right to counsel is a question of law that the Court reviews *de novo*. *United States v. Danielson*, 325 F.2d 1054, 1066 (9th Cir. 2003). The Court also reviews the validity of a waiver of the right to counsel *de novo*. *United States v. Gerritsen*, 571 F.3d 1001, 1006

(9th Cir. 2009). "'[T]he burden of establishing the legality of the waiver is on the government.'" Id. (quoting United States v. Balough, 820 F.2d 1485, 1487 (9th Cir. 1987).

## II.  Right to Counsel and Wavier of that Right

The Sixth Amendment provides "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The Supreme Court has interpreted the Sixth Amendment as guaranteeing "a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment." Faretta v. California, 422 U.S. 806, 807 (1975). "The Sixth Amendment also guarantees a criminal defendant the constitutional 'right to proceed without counsel when he voluntarily and intelligently elects to do so.'" Gerritsen, 571 F.3d at 1007 (quoting Faretta, 422 U.S. at 807). "A defendant therefore has two correlative and mutually exclusive Sixth Amendment rights: the right to have counsel, on one hand, and the right to refuse counsel and represent himself, on the other." Gerritsen, 571 F.3d at 1007 (citation omitted).

> Because a defendant who exercises the right to self-representation foregoes the benefits of exercising the right to counsel, "the accused must 'knowingly and intelligently' forego those relinquished benefits." Faretta, 422 U.S. at 835. When a defendant elects to waive the right to be represented by trial counsel, "[w]arnings of the pitfalls of proceeding to trial without counsel

8 - OPINION AND ORDER

> . . . must be rigorously conveyed." *Iowa v. Tovar*, 541 U.S. 77, 89 (2004).

*Id.*

## III. Analysis

Wasson asserts he was not advised that he had any right to appointed counsel, and, therefore, he did not knowingly and intelligently waive any such right when he proceeded *pro se* at trial.

As noted, the government conceded in its Response to Wasson's Motion for Appointment of Counsel on appeal that it "reserve[d] the right to request the maximum penalty for [Wasson's] violations, which includes the possibility of up to six months' incarceration," and, therefore, Wasson "had a right to counsel in his trial before the magistrate court." Gov't Resp. to Def.'s Mot. to Appoint Counsel (#14) at 2 (emphasis added). Although the government also asserted in that Response that Wasson waived his right to counsel at trial, that assertion is not supported by the record.

As noted, the record reflects the Magistrate Judge advised Wasson (together with other defendants on the CVB docket) that he could "hire a lawyer if you choose, but because these tickets are in the nature of misdemeanors, you're not entitled to the appointment of an attorney by the Court." Although the government confirmed it was not going to seek jail time or probationary sentences as to the other CVB defendants, and,

9 - OPINION AND ORDER

therefore, they were not entitled to appointed counsel, the government specifically reserved its right to seek jail time of up to six months for Wasson. The Court, however, did not advise Wasson that he was entitled to appointed counsel if he was indigent. Later in that same proceeding Wasson (and others) were again advised: "You may hire a lawyer to represent you . . ., if you choose. But because your matters are class B and C misdemeanors, which do not require the appropriate jail time or probationary sentences, the Court will not appoint an attorney." This later advice was, again, inconsistent with the government reserving its right to seek jail time for Wasson.

Because Wasson was not made aware that he had a right to appointed counsel if he was indigent, the Court concludes the record is insufficient to support a finding that Wasson made a knowing, intelligent, and voluntary waiver of such right.

In its Answering Brief on appeal the government no longer asserts Wasson waived his right to counsel but instead, contrary to its statement in its Response to Wasson's Motion for Appointment of Counsel, the government now asserts Wasson did not have a right to counsel at trial because "he was never subject to the risk of actual imprisonment for [his] petty offenses." In particular, the government contends only actual imprisonment or the threat of actual imprisonment "via a probated or suspended sentence" triggers a right to court-appointed counsel. See

10 - OPINION AND ORDER

*Alabama v. Shelton*, 535 U.S. 654, 657 (2002)(holding a suspended sentence that may "end up in the actual deprivation of a person's liberty" may not be imposed without assistance of counsel). *See also United States v. First*, 731 F.3d 998, 1002 (9th Cir. 2013) ("the Sixth Amendment right to counsel serves as a constitutional minimum in all state and federal criminal proceedings that result in a sentence of actual imprisonment or a suspended sentence of imprisonment."). According to the government, "no term of imprisonment was ever suggested or imposed upon defendant" in this matter.

Again, however, the government's argument is not supported by the record. As noted, when the Magistrate Judge stated at the September 2014 CVB proceeding that the defendants (including Wasson) were not entitled to the appointment of an attorney by the Court because the Magistrate Judge "assum[ed] . . . the government's not going to seek any jail time or probation or sentences on most of the tickets," the government agreed that assumption was correct "with the exception of Mr. Wasson's case." Thus, the government's response to the Magistrate Judge left open the possibility of jail time in Wasson's case either directly or if Wasson violated any probationary sentence. Although the government suggests a decision was made at some point that Wasson would not be subject to a jail sentence, the Court notes such a decision is not apparent on this record nor does the record

11 - OPINION AND ORDER

reflect the potential punishment that Wasson would be subjected to if he violated his bench probation or the conditions placed on him in the Judgment entered in this matter.

On this record, therefore, the Court concludes the government has not established Wasson did not have the right to appointed counsel at trial because the government has failed to establish that Wasson's suspended sentence could not "end up in the actual deprivation of [his] liberty" or that he was not at risk of a jail term at the time of trial. Because Wasson was not made aware that he had the right to appointed trial counsel if he was unable to afford to hire counsel of his choice, the Court also concludes the government has not shown Wasson waived his right to trial counsel.

Accordingly, the Court vacates Wasson's February 2015 conviction for Maintaining a Structure Without a Special Use Authorization in violation of 36 C.F.R. § 261.10(a); Interfering with a Forest Officer Who Was Engaged in the Performance of Official Duties in violation of 36 C.F.R. § 261.3(a); and Improving, Maintaining, Occupying or Using a Residence Without a Special Use Authorization or Operations Plan in violation of 36 C.F.R. § 216.10(b).

In his Opening Brief Defendant states "[i]f the Court determines [Wasson] did not receive the required advice of rights regarding . . . appointed counsel, [Wasson] requests a new

trial." The government, however, does not provide a position as to further proceedings. The Court, therefore, directs the parties to confer and to file no later than February 4, 2016, a joint statement of their positions as to what further proceedings are warranted in light of the fact that Wasson's convictions are now vacated.

## CONCLUSION

For these reasons, the Court **VACATES** Wasson's February 2015 conviction for Maintaining a Structure Without a Special Use Authorization in violation of 36 C.F.R. § 261.10(a); Interfering with a Forest Officer Who Was Engaged in the Performance of Official Duties in violation of 36 C.F.R. § 261.3(a); and Improving, Maintaining, Occupying or Using a Residence Without a Special Use Authorization or Operations Plan in violation of 36 C.F.R. § 216.10(b).

The Court **DIRECTS** the parties to confer and to file **no later than February 4, 2016,** a joint statement of their positions as to further proceedings in light of this Opinion and Order.

IT IS SO ORDERED.

DATED this 22nd day of January, 2015.

　　　　　　　　　　　　　　　/s/ Anna J. Brown
　　　　　　　　　　　　　　　ANNA J. BROWN
　　　　　　　　　　　　　　　United States District Judge

13 - OPINION AND ORDER